UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MARQUETTE TRANSPORTATION COMPANY OFFSHORE, LLC, AS OWNER AND OPERATOR OF THE TOWING VESSEL MISS BECKY, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 17-2714<br><br>SECTION: R(4)<br><br>DISTRICT JUDGE SARAH S. VANCE<br><br>MAGISTRATE JUDGE KAREN WELLS ROBY |

## GREAT LAKES DREDGE & DOCK COMPANY, LLC'S
## <u>CLAIM IN LIMITATION</u>

NOW INTO COURT, through undersigned counsel, comes Great Lakes Dredge & Dock Company, LLC ("GLDD"), who respectfully files its Claim in Limitation in response to the Verified Complaint for Exoneration from or Limitation of Liability of Marquette Transportation Company Offshore, LLC ("Marquette"), averring upon information and belief as follows:

1.

GLDD is a foreign corporation authorized to do and doing business in the State of Louisiana.

2.

Marquette has represented itself as a limited liability company organized and existing under the laws of the State of Delaware, registered and licensed to do business in the State of Louisiana, with its principal place of business in Larose, Louisiana.

3.

The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

{N3393913.1}

4.

At all material times, Marquette was the owner and operator of the M/V MISS BECKY ("the Vessel"), an offshore towing vessel bearing official number 1068250, which upon information and belief was built in 1998 and bears the dimensions of 85 feet in length and 24 feet in width.

5.

On September 23, 2013, Marquette and GLDD entered into a Master Towage Agreement ("MTA"), the terms, provisions, and conditions of which are adopted and incorporated herein by reference *in extenso*. (*See* Exhibit "A," Master Towage Agreement). Pursuant to the MTA, Marquette agreed, *inter alia*, to provide towage services to GLDD and GLDD contractors and, in connection therewith, to defend, indemnify, and hold harmless GLDD for any and all claims for personal injury whether caused by the negligence or unseaworthiness of GLDD. (*Id.*) More specifically, Marquette agreed as follows:

> Tug Owner releases Customer and Customer's managers, officers, employees, agents, representatives, co-venturers, co-operators, partners, Customer's contractors (other than Tug Owner), and Customer's clients ("CUSTOMER GROUP") from any liability to Tug Owner for, and Tug Owner shall defend, indemnify and hold CUSTOMER GROUP harmless from and against, all claims, liabilities, fines, penalties, loss and expense (including reasonable attorney's fees, settlements and judgments) based on personal injury or death, whenever occurring, suffered, or incurred by Tug Owner, its contractors and sub-contractors, and the managers, officers, employees, agents, and representatives of any of them ("TUG OWNER GROUP"), arising from or related in any way to this Agreement, regardless of how such personal injury or death is caused, and even if caused by the unseaworthiness of any vessel (including Customer's vessel(s) and Tow), or the negligence, whether sole or concurrent, or active or passive, or other legal fault, including strict liability, of CUSTOMER GROUP.

6.

Upon information and belief, on or about November 4, 2015, Abel Cisneros, a Marquette employee, allegedly sustained personal injuries to his back while working as a deckhand for Marquette in connection with the Vessel's voyage.

7.

Upon information and belief, on or about March 27, 2017, Abel Cisneros filed a lawsuit as a result of the aforementioned incident against Marquette and GLDD in state court in Harris County, Texas. Cisneros alleged causes of action under the Jones Act, the general maritime law, and for maintenance and cure and punitive damages for Marquette's failure to pay maintenance and cure.

8.

On March 31, 2017, GLDD made written, formal demand on Marquette, requesting that Marquette assume GLDD's defense, without reservation, and indemnify and hold it harmless from any settlement or judgment in the lawsuit filed by Abel Cisneros in Harris County, Texas, as well as from any and all reasonable attorneys' fees and costs of defense. GLDD also requested that Marquette notify its underwriters of GLDD's demand.

9.

Any and all personal injuries alleged by Abel Cisneros were not proximately or legally caused by any acts or omissions of GLDD.

10.

The November 4, 2015 incident in which Abel Cisneros was allegedly injured was caused solely by the negligence of Marquette and/or its contractors, subcontractors, managers, officers, employees, agents, and representatives.

11.

Marquette is liable for all damages, losses, costs, and expenses incurred by GLDD as a result of the November 4, 2015 incident in which Abel Cisneros was allegedly injured. Should it be determined that GLDD is somehow legally liable to any parties or entities for any damages caused as a result of the incident which forms the basis of the Complaint in Limitation, GLDD is entitled to full tort indemnity, contractual indemnity, and/or contribution from Marquette for any damages which GLDD may have to pay to any entity whatsoever.

12.

Furthermore, pursuant to the terms, conditions, and provisions of the September 23, 2013 Master Towage Agreement, GLDD formally demands defense and indemnity from Marquette and for Marquette to hold GLDD harmless for all damages, losses, costs, and expenses incurred by GLDD as a result of the November 4, 2015 incident in which Abel Cisneros was allegedly injured.

13.

GLDD reserves its right to amend its Claim in Limitation after further information is developed, and GLDD reserves all other rights, remedies, and defenses it might otherwise have in connection herewith.

\*   \*   \*   \*   \*

**WHEREFORE**, Great Lakes Dredge & Dock Company, LLC ("GLDD"), prays that its Claim in Limitation be deemed good and sufficient, and that it be served on Marquette, and that Marquette be required to answer the Claim in Limitation, and that, after all due proceedings are had, that there be judgment in favor of GLDD and against Marquette for all damages, losses,

costs, and expenses incurred by GLDD in connection with these proceedings, and for all other general and equitable relief to which GLDD may be entitled.

Respectfully submitted,

*/s/Jefferson R. Tillery*
JEFFERSON R. TILLERY (#17831)
CHRISTOPHER K. ULFERS (#36712)
Jones Walker, L.L.P.
201 St. Charles Avenue – 48th Floor
New Orleans, Louisiana 70170-5100
(504) 582-8320 Telephone
(504) 589-8320 Facsimile
*Attorneys for Great Lakes Dredge & Dock Company, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's ECF filing system, and/or US Mail, and/or email on this 5th day of April, 2017.

*/s/ Jefferson R. Tillery*
